UNION DIME SAVINGS INSTITUTION V. DURYEA.

*Mortgage — consideration — mortgager in good faith — Judgment — secured on appeal — revival of lien.*

B. recovered judgment against K., from which an appeal was taken, and the judgment was marked "secured on appeal." Subsequent to this F., who held notes of K., threatened and was about to bring action upon them and an account against K., but a settlement was made wherein K. executed a mortgage upon real estate payable one year thereafter. After this and pending the appeal from the judgment of B., a new trial was granted therein upon the ground of newly-discovered evidence, the judgment was ordered to stand as security. *Held,* that F. was a mortgagee in good faith for a good consideration, and while the order for the restoration of the judgment of B. may have revived the lien, as of the date of the original entry, there was an exception in favor of intervening equities.

APPEAL by defendants, Gibbons L. Kelty and others, from an order sustaining the exceptions of defendant Henry O. Bispham, respondent, to the report of a referee in relation to the surplus moneys deposited in this action.

The action was brought against Joseph W. Duryea and others, to foreclose a mortgage. The necessary facts appear in the opinion.

*Alexander Ostrander,* for appellants.

*Benjamin T. Kissam,* for respondent Bispham, upon the question of good faith, cited, *Dickerson* v. *Tillinghast,* 4 Paige, 220; *Van Heusen* v. *Radcliffe,* 17 N. Y. 583; *Pickett* v. *Barron,* 29 Barb. 507; *Tiffany* v. *Warren,* 37 id. 574; *King* v. *Harirs,* 30 id. 475; S. O., 34 N. Y. 332; *Thompson* v. *Van Vechten,* 27 id. 568; *Evertson* v. *Evertson,* 5 id. 644, 648; *Wood* v. *Robinson,* 22 N. Y. 564, 566–7; *Lawrance* v. *Clark,* 36 id. 128; *Weaver* v. *Barden,* 49 id. 286, 293; *Cary* v. *White,* 52 id. 138, 141, 146; *Woodburn* v. *Chamberlin,* 17 Barb. 446, 453; *Webster* v. *Van Steenburgh,* 46 id. 211; *Farrington* v. *Frankfort Bank,* 24 id. 554, 562; *Wardell* v. *Howell,* 9 Wend. 170; *Rosa* v. *Brotherson,* 10 id. 86; *Payne* v. *Cutler,* 13 id. 605; *Root* v. *French,* id. 570. Upon the question of consideration : *Wood* v. *Robinson,* 22 N. Y. 564, 567; *Higby* v. *N. Y. & Harlem R. R. Co.* 3 Bosw. 497, 504; *Noel* v. *Murray,* 13 N. Y. 167.

BARRETT, J. Bispham recovered judgment against Keech, on the 17th of March, 1873. Upon the 28th of the following July such judgment was marked "secured on appeal." Pending such appeal a motion was made for a new trial upon the ground of newly-discovered evidence, which motion was granted on the 29th of December, 1873, the judgment, however, being ordered to stand as security.

Between the 28th of July and the 29th of December, and while the judgment simply remained secured on appeal, Keech executed the mortgage in question to Kelty & Co. The referee held that the latter were mortgagees in good faith, and sustained their lien. The court, at special term, overruled the referee and gave priority to Bispham's judgment, holding that the mortgage was executed to secure antecedent debts, and that the mortgagees cannot be considered as *bona fide* purchasers as against Bispham.

In this we think the special term erred. The question was not whether Kelty & Co. were to be treated as *bona fide* purchasers, but whether they were mortgagees in good faith.

It is quite clear, from the evidence, that they were. Keech owed them $1,228 for merchandise and labor. For the greater part of this sum they held Keech's note; the balance was in the form of an open account. They placed the note and account in the hands of their attorney for collection. Upon receipt of a lawyer's letter, Keech called upon Kelty and offered a mortgage, payable in one year, which Kelty & Co. accepted, directing their book-keeper to "settle" the account and note by taking the mortgage, which was done and the note given up.

There was no affirmative evidence that the open account was actually canceled upon Kelty & Co.'s books, nor that Keech received any formal or written release. But it is clear that the note was extinguished, and it is quite evident, notwithstanding the occasional use of the words "secure" and "securing" in their negotiations, that if Kelty & Co. after the receipt of the mortgage, had attempted to bring suit upon the open account, Keech could have successfully defended, if not upon the ground of an actual extinguishment, at least upon the plea of an extension of the time of payment. In either aspect, there was a good consideration for the mortgage. Upon the faith thereof Kelty & Co. surrendered their right to proceed forthwith for the recovery of the claim, and this was sufficient, both upon principle and authority, to constitute them

"mortgagees in good faith." They certainly were such within the meaning and evident intent of this expression in § 282 of the Code.

The subsequent restoration of the Bispham judgment may have had the general effect claimed, viz.: To revive the lien as of the date of its original entry. But clearly there must be an exception in favor of intervening equities, otherwise valid.

The order appealed from should be reversed with $10 costs, and the disbursements of the appeal, the exceptions to the referee's report overruled, and the motion to confirm said report, granted with $10 costs.

*Ordered accordingly.*